

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 28, 1966

Honorable Jerry Sadler
Commissioner
General Land Office
Austin, Texas

Opinion No. C-671

Re: Whether appraisers em-
ployed by the Veterans'
Land Board may attend an
appraisal school at Texas
A&M University and have
their registration fees

Dear Mr. Sadler:                    paid by the State.

     You have requested the opinion of this office regard-
ing the subject question. In this connection, your letter of
request is quoted, in part, as follows:

     "The American Society of Farm Managers
and Rural Appraisers anticipates holding an
appraisal school at A&M University, College
Station, Texas, between June 13 - 17, 1966,
with a registration fee of $75 being charged
per person taking the course. Such a training
school would be most beneficial to the apprais-
ers employed by the Veterans' Land Board of the
State of Texas. I feel that such a training
school would reap benefits to the state, and
it is my desire to send several appraisers from
this office to this school if we can legally
register them in the name of the State of Texas
and pay their registration fee."

Further investigation has revealed that Texas A&M University is
sponsoring the appraisal school, but that the school is being
conducted under the direction of the American Society of Farm
Managers and Rural Appraisers. Membership in the said Society
is limited, and it is not required that one be a member of the
Society to attend the appraisal school. Further, the registra-
tion fees for the school are to be paid to the Society, and not
to Texas A&M.

     In prior questions of this nature, this office has
consistently employed two basic criteria: (1) Whether the
training described will be directly and substantially used to

facilitate the governmental duties and functions of the State agency requesting such training; and (2) Do the facts establish that there is a reasonable, substantial and direct relationship between the purpose of the training and the accomplishment of the governmental functions entrusted to the employee? Attorney General's Opinions WW-83 (1957), WW-223 (1957), WW-433 (1958).

In Attorney General's Opinion WW-505 (1958), this office approved the attendance of the Chief Appraiser, the Executive Secretary, and an attorney of the Veterans' Land Board at an appraisal conference, utilizing basically the same criteria set forth above. From the facts presented, we see no distinction between the fact situation and that presented in Attorney General's Opinion WW-505.

Accordingly, you are advised that it is the opinion of this office that Attorney General's Opinion WW-505 (1958) controls the question of whether the attendance of Veterans' Land Board appraisers at appraisal schools constitutes a compliance with the criteria set forth, supra. The attendance of your appraisers at the school would facilitate the governmental duties and functions of the State, and there is a direct relationship between the purpose of the training and the accomplishment of the governmental functions of the employee.

Section 18, Article V, General Appropriation Act of the 59th Legislature, 1965, pertaining to expenditure of money for dues or registration in joining or attending any type of organization, has no application to the facts submitted by you, so long as the State employees do not join the organization. Merely taking a course of instruction is not joining or attending any type of organization.

## SUMMARY

Appraisers employed by the Veterans' Land Board may attend an appraisal school at Texas A&M University, and have their registration fees paid by the State.

Yours very truly,

WAGGONER CARR
Attorney General

By: Malcolm L. Quick
Assistant

MLQ:ms:mkh

Hon. Jerry Sadler, page 3 (C-671)

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Shultz
John Reeves
John Banks
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright